**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

KYLE TAYLOR and ROBIN TAYLOR,    :

       :

    Plaintiffs,    :

       :

v.    :

       :

OMAR'S DELIVERY SERVICES LLC    :

d/b/a BEST RELOCATORS,    :

       :

    Defendant.    :

       :

Case No.:  8:26-cv-01584

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF**

COMES NOW the Plaintiffs, KYLE TAYLOR and ROBIN TAYLOR ("Plaintiffs" or the "Taylors"), by and through undersigned counsel, and sue Defendant, OMAR'S DELIVERY SERVICES LLC d/b/a BEST RELOCATORS MOVING AND STORAGE TEAM ("Defendant" or "Best Relocators"), and allege:

**PARTIES, JURISDICTION, AND VENUE**

1.    This is an action for injunctive relief pursuant to 49 U.S.C. 14704(a)(1).

2.    Plaintiff, KYLE TAYLOR, is a natural person residing in the State of Kansas.

3.    Plaintiff, ROBIN TAYLOR, is a natural person residing in the State of Kansas.

4.    Defendant, OMAR'S DELIVERY SERVICE LLC d/b/a BEST RELOCATORS (hereinafter "Best Relocators"), is a Florida limited liability company with a mailing address of 3275 South John Parkway, Kissimmee, FL 34746.

5.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

6.    Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in Hudson, Florida.

**GENERAL ALLEGATIONS**

Page 1

7. At all material times, Defendant held itself out as an interstate household goods motor carrier operating under USDOT No. 3517442 and MC No. 3130373.

8. On or about April 6, 2026, Plaintiffs contracted with Defendant in connection with interstate moving services for the transportation of household goods and personal property from Hudson, Florida to Goddard, Kansas.

9. Defendant provided Plaintiffs with a moving estimate and related moving documentation in connection with the interstate shipment in the amount of $3,190 (hereinafter "the Estimate"). Attached hereto as Exhibit "A" is a true and correct copy of the Estimate.

10. Plaintiffs paid $1,000.00 toward the move before loading occurred.

11. On or about April 9, 2026, Defendant arrived at Plaintiffs' residence and loaded Plaintiffs' household goods and personal property onto Defendant's moving truck.

12. Plaintiffs' household goods included irreplaceable personal property, including family memorabilia, military uniforms and photographs, medals, sentimental family items, cremated pet remains, medical supplies, and other unique and irreplaceable personal effects.

13. After obtaining possession and control of Plaintiffs' property, Defendant dramatically increased the charges associated with the move.

14. After loading, Defendant provided a Uniform Household Goods Bill of Lading and Freight Bill purporting total charges of $13,404.27 and an alleged balance due of $10,796.27 (hereinafter "the Bill of Lading").

15. The Bill of Lading included substantial "overload" charges, transportation surcharges, and additional fees imposed after Defendant had already obtained possession of Plaintiffs' property.

Doc ID: e1b3517bc389926ef882fd1b237cab945f2f858b

16.     Plaintiffs disputed the revised charges and objected to Defendant's post-loading escalation of pricing.

17.     Plaintiffs requested that Defendant either comply with the original agreement and applicable law or return and/or deliver Plaintiffs' property.

18.     Defendant refused to unload, return, or deliver Plaintiffs' household goods and personal property.

19.     Defendant subsequently continued to detain and withhold Plaintiffs' property while demanding disputed charges.

20.     Defendant improperly used possession of Plaintiffs' household goods as leverage to compel payment of materially increased charges.

21.     Plaintiffs thereafter submitted a complaint to the Federal Motor Carrier Safety Administration and/or National Consumer Complaint Database concerning Defendant's conduct.

22.     On May 6, 2026, Plaintiffs, through counsel, sent Defendant a formal demand letter concerning Defendant's conduct, unlawful withholding of property, and violations of law (hereinafter "the May 6 Correspondence").

23.     The May 6 Correspondence demanded immediate delivery and/or release of Plaintiffs' household goods.

24.     Thereafter, Defendant transmitted a purported "FINAL AUCTION NOTICE" threatening to auction, dispose of, or otherwise take recovery action against Plaintiffs' household goods within approximately forty-eight (48) hours unless payment or payment arrangements were made. Attached hereto as Exhibit "B" is a true and correct copy of Defendant's Final Auction Notice.

Doc ID: e1b3517bc389926ef882fd1b237cab945f2f858b

25.    On May 11, 2026, Plaintiffs, through counsel, responded to Defendant's auction threat and formally tendered a total settlement/payment amount of $3,630.00 pursuant to applicable federal regulations governing interstate household goods shipments.

26.    Because Plaintiffs had already paid approximately $1,000.00, the remaining amount tendered by Plaintiffs was $2,630.00.

27.    Plaintiffs' tender was conditioned upon Defendant's agreement to deliver Plaintiffs' household goods to Goddard, Kansas and refrain from auctioning, disposing of, transferring, or damaging Plaintiffs' property.

28.    Defendant rejected Plaintiffs' lawful tender and refused to complete delivery to Goddard, Kansas unless Plaintiffs paid materially greater sums.

29.    Despite Plaintiffs' lawful tender and repeated demands, Defendant continues to unlawfully detain Plaintiffs' household goods and personal property.

30.    Defendant's continued retention of Plaintiffs' property following lawful tender is wrongful, willful, and without legal justification.

31.    All conditions precedent to bringing this action have been satisfied, performed, waived, or excused.

### COUNT I – INJUNCTIVE RELIEF PURSUANT TO 49 U.S.C. § 14704(a)(1)

32.    Plaintiffs reallege and incorporate paragraphs 1 through 31 as though fully set forth herein.

33.    Defendant is a household goods motor carrier engaged in interstate transportation subject to the Federal Motor Carrier Safety Regulations and applicable provisions of the Motor Carrier Act.

34.    Plaintiffs are individual shippers as defined by 49 U.S.C. §13102.

Doc ID: e1b3517bc389926ef882fd1b237cab945f2f858b

35.    Pursuant to 49 U.S.C. §14104(b), Defendant was required to provide Plaintiffs with either a binding estimate or a non-binding estimate before the shipment is loaded.

36.    Defendant purports to have provided Plaintiffs with a non-binding estimate.

37.    Assuming *arguendo* that the estimate is non-binding, Defendant was required to provide a reasonably accurate estimate of the approximate costs the Plaintiff should expect to pay for the transportation and services of the shipment pursuant to 49 C.F.R. §375.405(b).

38.    If it appeared that Plaintiff had tendered additional household goods or required additional services not identified in the non-binding estimate, prior to loading the shipment, Defendant was required to either (i) reaffirm the non-binding estimate or (ii) prepare a new non-binding estimate which must be signed by Plaintiffs pursuant to 49 C.F.R. §375.405(b)(7).

39.    Defendant did not present Plaintiffs with a new non-binding estimate prior to loading the shipment, thus Defendant reaffirmed the original non-binding estimate pursuant to 49 C.F.R. §375.405(b)(8).

40.    Defendant is prohibited from collecting more than 110 percent of the amount of the original non-binding estimate pursuant to 49 U.S.C. §13707(b)(3)(A(ii).

41.    The Estimate was in the amount of $3,190.00.

42.    As a result, Defendant is prohibited from collecting more than $3,509.00.

43.    After loading Plaintiffs' household goods and obtaining possession of Plaintiffs' property, Defendant materially increased the charges associated with the move and demanded payment substantially exceeding the original estimate and agreed-upon terms.

44.    Defendant's conduct constitutes unlawful hostage-load conduct prohibited by federal law and regulations governing interstate household goods carriers.

Doc ID: e1b3517bc389926ef882fd1b237cab945f2f858b

45.     Notwithstanding Defendant's unlawful conduct, Plaintiffs tendered $3,630 ($121 more than the amount Defendant was permitted to collect under applicable federal regulations). Attached hereto as Exhibit "C" is a true and correct copy of Plaintiff's tender.

46.     Defendant refused Plaintiff's tender and in violation of 49 C.F.R. § 14915(c), refused to deliver and continues to wrongfully withhold Plaintiffs' household goods in an effort to compel payment of disputed and inflated charges. Attached hereto as Exhibit "D" is a true and correct copy of Defendant's refusal.

47.     As such, Plaintiffs require an order requiring Defendant to deliver their household goods in conformance with Title 49, United States Code.

48.     Plaintiffs have retained the undersigned law firm to represent them in this action.

49.     Plaintiffs are obligated to pay said firm a reasonable fee for its services, for which Plaintiffs are entitled to recover from Defendant pursuant to 49 U.S.C. § 14704(e).

WHEREFORE, Plaintiffs respectfully request that this Court enter an order for Defendant to deliver Plaintiffs' household goods to Goddard, Kansas as required by the Estimate; order Defendant to not sell, auction, or dispose of Plaintiffs' household goods; award Plaintiffs attorney's fees and costs pursuant to 49 U.S.C. § 14704(e); award pre-judgment and post-judgment interest; and such other and further relief as the Court deems just and proper.

DATED: May 28, 2026                          Respectfully submitted,

By:    */s/ Paul A. Brytus*
       Paul A. Brytus
       Florida Bar Number: 1002284
       301 W. Atlantic Ave., Suite 5
       Delray Beach, FL 33444
       Telephone: (813) 428-8414
       Email: p.brytus@botwinlawfirm.com
              mary@botwinlawfirm.com
              m.mukhtar@botwinlawfirm.com
              service@botwinlawfirm.com

Doc ID: e1b3517bc389926ef882fd1b237cab945f2f858b

**<u>VERIFICATION</u>**

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: May 28, 2026

ROBIN TAYLOR

Doc ID: e1b3517bc389926ef882fd1b237cab945f2f858b

**Dropbox Sign**                                                                                 Audit trail

| | |
|---|---|
| Title | 260528 P Verified Complaint.pdf |
| File name | 260528%20P%20Verified%20Complaint.pdf |
| Document ID | e1b3517bc389926ef882fd1b237cab945f2f858b |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

**This document was requested from app.clio.com**

## Document History

**SENT**
**05 / 28 / 2026**
13:40:15 UTC

Sent for signature to Kyle Taylor (krtaylor98@yahoo.com) by services@clio.com acting on behalf of m.mukhtar@botwinlawfirm.com
IP: 175.107.226.137

**VIEWED**
**05 / 28 / 2026**
13:41:16 UTC

Viewed by Kyle Taylor (krtaylor98@yahoo.com)
IP: 68.102.93.124

**SIGNED**
**05 / 28 / 2026**
13:42:39 UTC

Signed by Kyle Taylor (krtaylor98@yahoo.com)
IP: 68.102.93.124

**COMPLETED**
**05 / 28 / 2026**
13:42:39 UTC

The document has been completed.

Powered by **Dropbox Sign**