UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KYLE TAYLOR and ROBIN TAYLOR,

Plaintiffs,

v. Case No.: 8:26-cv-1584-VMC-AAS

OMAR'S DELIVERY SERVICES, LLC d/b/a BEST RELOCATORS,

Defendant.
______________________________/

**ORDER**

This matter comes before the Court pursuant to plaintiffs Kyle Taylor and Robin Taylor's Motion for Leave to Effect Substituted Service on Defendant by E-mail (Doc. # 14), filed October 23, 2026. For the reasons that follow, the Motion is granted.

## I. Background

On May 28, 2026, the Taylors filed this lawsuit against defendant Omar's Delivery Service ("Best Relocators"). (Doc. # 1). The Court granted the Taylors' motions to extend time for service of process twice in this matter: once on August 25, 2026, and again on September 25, 2026. (Docs. ## 11, 13). The deadline to serve Best Relocators was October 25, 2026. (Doc. # 13). To date, the Taylors have been unable to serve

Best Relocators. The Taylors now move for leave to effectuate substitute service on Best Relocators via e-mail. (Doc. # 14).

The Motion details the Taylors' efforts to serve Best Relocators. (Id.). The Taylors state that "[Best Relocators'] latest company reinstatement, as most recently amended on December 12, 2025, identifies the registered agent as Ashanti Gibson at 1207 Delaware Ave #1799, Wilmington, FL [sic] 19806 and publicly lists Ashanti Gibson as manager at the 2086 Scarborough Trl E, Stone Mountain, GA 30088 address." (Id. at 4). The Taylors' Motion also includes a copy of Best Relocators' Reinstatement (Doc. # 14-3), and records from the Florida Division of Corporations (Id.), both of which list Ms. Gibson as the registered agent.

The Taylors sent requests to waive service to Ms. Gibson at the two addresses listed on Best Relocators' Reinstatement. (Id. at 2). USPS records show delivery to an individual at one of the addresses on June 5, 2026. (Id.). USPS left notice at the second address on June 4, 2026, and issued a redelivery reminder. (Id.). Best Relocators did not return the waiver or respond. (Id.).

The Taylors then "engaged private process servers and attempted personal service at addresses identified through

public records and [Best Relocators'] transactional documents." (Id.). Between July 23, 2026, and September 26, 2026, a process server made five unsuccessful attempts to serve Best Relocators at four different addresses, including the two listed on Best Relocators' Reinstatement and the third additional address included in Best Relocators' Division of Corporations records. (Id. at 2-3). The process server(s) were advised that Ms. Gibson was not located at these addresses. (Id.).

Between May 7, 2026, and June 9, 2026, the Taylors and their counsel received nine e-mails from Best Relocators from the account bestrelocatorsteam@gmail.com concerning the present dispute. (Id. at 3). The Taylors now move for leave to effectuate substitute service on Best Relocators via e-mail pursuant to Florida law. (Id.).

## II. Legal Standard

The Federal Rule of Civil Procedure 4(h)(1)(a) provides that a domestic business entity may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual," which permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Therefore, plaintiffs who

file in this Court may effectuate service pursuant to Florida law.

Section 48.062 of the Florida Statutes governs service on domestic limited liability companies. See Fla. Stat. § 48.062. Florida law permits service on an LLC through its registered agent. Fla. Stat. § 48.062(2).

If service cannot be effectuated under § 48.062(2) after due diligence and either "(a)[t]he only person listed publicly by the domestic limited liability company . . . on its latest annual report, as most recently amended, is also the registered agent on whom service was attempted under subsection (2)" or "(b) [a]fter due diligence, service was attempted on at least one person listed publicly by the domestic limited liability company . . . on its latest annual report, as most recently amended, and cannot be completed on such person under subsection (3)," a plaintiff may rely upon certain forms of substitute service, including serving the Secretary of State or "electronically by e-mail." Fla. Stat. § 48.062(4); Fla. Stat. § 48.102.

Florida law states that "[i]f, after due diligence, a party seeking to effectuate service is unable to effectuate personal service of process on . . . a domestic . . . limited liability company, the court, upon motion and a showing of

such inability, may authorize service in any other manner that the party seeking to effectuate service shows will be reasonably effective to give the entity on which service is sought to be effectuated actual notice of the suit." Fla. Stat. § 48.102. This includes "service electronically by e-mail or other technology by any person authorized to serve process in accordance with this chapter, or by an attorney." Id.

"Fundamental notions of due process require strict compliance with statutes authorizing substituted or constructive service." InClaim, LLC v. Structural Wrap, LLC, 413 So. 3d 251, 255 (Fla. 3d DCA 2025). "Substitute service is unauthorized if personal service could be obtained through reasonable diligence." Green Emerald Homes, LLC v. Bank of New York Mellon, 204 So. 3d 512, 515 (Fla. 4th DCA 2016). The test to determine due diligence is "whether the complainant reasonably employed knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable him to effect personal service on the defendant." Coastal Capital Venture, LLC v. Integrity Staffing Sols., Inc., 153 So. 3d 283, 285 (Fla. 2d DCA 2014). "[F]ailure to utilize obvious and available leads to locate

the defendant is fatal to a finding of due diligence." Knabb v. Morris, 492 So. 2d 839, 841 (Fla. 5th DCA 1986).

## III. Analysis

The Taylors argue that "[t]he condition in section 48.062(4)(a), Florida Statutes, is satisfied," and the Court agrees. (Doc. # 14 at 4). The Taylors have provided sufficient evidence that Ms. Gibson is the only person publicly listed in Best Relocators' latest annual report and is Best Relocators' registered agent (Doc. # 14-3), and they have demonstrated due diligence in their attempts to personally serve Ms. Gibson.

The Taylors have "reasonably employed knowledge at [their] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances" to locate Ms. Gibson. Green Emerald Homes, LLC, 204 So. 3d at 515. They have attempted to effectuate service at the three addresses listed on Best Relocators' reinstatement and Division of Corporations records and a fourth additional address identified for defendant. The proof of service forms indicate that the service processor(s) spoke with individuals at these locations and were informed that Ms. Gibson and Best Relocators were no longer located at these properties. (Doc. # 14-1). They have exhausted all of their leads.

A court "may authorize service in any other manner that the party seeking to effectuate service shows will be reasonably effective to give the entity on which service is sought to be effectuated actual notice of the suit," including via e-mail. Fla. Stat. § 48.102. See Meza v. JC & Son's Constr. LLC, No. 6:23-cv-242-WWB-LHP, 2023 WL 4904724 (M.D. Fla. Aug. 1, 2023) (allowing alternate service on LLC by e-mail as well as regular and certified mail). Here, the Taylors have provided evidence that Best Relocators communicated with them and their counsel about this dispute since this action has been filed using the e-mail account bestrelocatorsteam@gmail.com. (Doc. # 14 at 3). "Because the emails did not 'bounce back,' there is a presumption that the email address[] [is] valid and that Defendant[] received them." Stabletracker.com, Inc. v. Seitz, No. 11-cv-22322-UMU-EGT, 2011 WL 13224090, at *2 (S.D. Fla. July 20, 2011), report and recommendation adopted, No. 11-cv-22322-UMU-EGT, 2011 WL 13224098 (S.D. Fla. Aug. 15, 2011) (citing Gaffigan v. Doe, 689 F. Supp. 2d 1332, 1342 (S.D. Fla. 2009)). "This presumption is further supported by recent activity from those email addresses." (Id.). The recent communication with Best Relocators establishes that Best Relocators has access to and monitors this e-mail account, demonstrating that e-

mail service to this account will be reasonably effective at providing Best Relocators notice of this action. Accordingly, the Court grants the Taylors' Motion to serve Best Relocators via e-mail. (Doc. # 14).

Yet, the Court notes the Taylors have not sought leave to effectuate service on Best Relocators by serving the Secretary of State. "[Section 48.161 of the Florida Statutes] provides that substituted service [upon the Secretary of State] may be used when 'an individual or a business entity is a nonresident or conceals his, her, or its whereabouts . . .'" Hales v. Luthmann, No. 1:25-cv-58-RH-ZCB, 2026 WL 2985705, at *3 (N.D. Fla. Oct. 4, 2026). In contrast to service via e-mail, Courts have frequently authorized substitute service on the Florida Secretary of State upon a finding of concealment and due diligence. See Glob. Brother SRL v. Hossain, No. 8:26-cv-1050-MSS-AAS, 2026 WL 2935937, at *2 (M.D. Fla. Sept. 30, 2026) (granting plaintiff's motion for leave to effect substituted service pursuant to Fla. Stat. § 48.161); Moonbug Entertainment Ltd. v. Long, No. 6:24-cv-01876-CEM-LHP, 2025 WL 1083626, at *1-3 (M.D. Fla. Mar. 6, 2025) (authorizing substituted service through Fla. Stat. § 48.161); Vega v. PBS Construction LLC, No. 6:23-cv-940-PGB-EJK, 2023 WL 6809633, at *5 (M.D. Fla. Oct. 16, 2023)

(authorizing substituted service on the Florida Secretary of State upon a finding of concealment and due diligence).

Because service of process implicates the due process rights of defendants, out of an abundance of caution, the Court directs the Taylors to also effectuate substitute service on the Florida Secretary of State. See Viral DRM, LLC v. Hardee Broad. LLC, No. 8:23-cv-2628-TPB-NHA, 2024 WL 1174750, at *3 (M.D. Fla. Mar. 19, 2024) (granting a motion to serve via e-mail and regular mail but also requiring service on the Secretary of State).

Accordingly, it is now

**ORDERED, ADJUDGED**, and **DECREED**:

(1) Plaintiffs' Motion for Leave to Effect Substituted Service on Defendant by E-mail (Doc. # 14) is **GRANTED**.

(2) The Court grants the Taylors a 30-day extension to effectuate service.

(3) The Taylors must promptly serve defendant via e-mail and the Florida Secretary of State and, thereafter, file proof of service on the docket within 30 days of entry of this order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of November, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE